# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO. 26-mj-00045-CJC |
| | * | |
| **AURELIO LUIS PEREZ-LUGONES,** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |

## ORDER

Upon consideration of the Government's Motion for a Protective Order, the Court finds that to adequately protect the Government's interest in an on-going investigation contained in a search warrant affidavit (issued under Case Numbers 26-mj-00038-42-CJC) ("Protected Information"), it is hereby ordered:

**1)** **Access to and Use of the Search Warrant Affidavit.** The Defendant, and his counsel, may use the Protected Information only for purposes of this litigation and may not disclose such Protected Information to anyone not specifically entitled to access under this Protective Order. Legal staff working at the direction of defense counsel, including paralegals and secretaries are expressly entitled to access under this Protective Order and are subject to its provisions. Expert witnesses retained by defense counsel for purposes of this litigation are also entitled to access under this Protective Order and subject to its provisions. All staff members and expert witnesses provided with access to information subject to this Protective Order shall be informed by defense counsel of the requirements of the Protective Order. Counsel for the Defendant may disclose Protected Information to Defendant, but may not provide Defendant with any documents containing Protected Information. Counsel for the Defendant and individuals participating in the case at the direction of counsel, may only use the Protected Information for the purposes of

defending this criminal case, including any appeal, and may not disclose the Protected Information to non-parties to this litigation.

2) **Use of Protected Information in Court Filings and Open Court.** The procedures for use of Protected Information containing the same, during any potential hearing or potential trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: redacting, requesting the court to submit such documents under seal, requesting that any exhibit be placed under seal, introducing summary evidence where practicable which may be more easily redacted, and assuring that all Protected Information associated with individuals have been redacted in accordance with Rule 49.1 of the Federal Rules of Criminal Procedure and other applicable laws. No party shall disclose designated Protected Information in open Court without prior consideration by the Court. No party shall file documents containing Protected Information to the Court or reproduce Protected Information in any court filing unless the document or filing containing the Protected Information is placed under seal or all information that would identify the subject of the document or filing has been removed or redacted.

3) **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

4) **Modification Permitted**. Nothing in this Order shall prevent any party from seeking modification of this Protective Order. The party seeking modification must first discuss any proposed modifications with opposing counsel.

5) **No Waiver**. The failure to designate any materials as Protected Information as provided in this Protective Order shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

6) **Unauthorized Disclosure.** Should any Protected Information be disclosed in a manner not authorized by this Protective Order by the Defendant, counsel or others, then the defense counsel shall use their best efforts to obtain the return of any such Protected Information and to bind the recipient of Protected Information to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the counsel for the government in writing of the unauthorized disclosure and identify such recipient to the party who designated the Protected Information.

7) **Sanctions for Unauthorized Disclosure.** Both parties shall use their best efforts to confer with the opposite parties with regard to this Order before seeking relief from the Court, and neither party shall seek to have the Court impose sanctions pursuant to Rule 16(d)(2) without providing the other party with notice at least three business days in advance.

8) **Nontermination.** This Order shall survive the termination of this case and shall continue in full force and effect thereafter.

9) **Reservation of Rights.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within hat agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within

that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

| | |
|---|---|
| January 12, 2026 <br> Date | _____ <br> The Honorable Chelsea J. Crawford <br> United States Magistrate Judge |